**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandyjean McAdams,<br><br>            Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>            Defendant. | No. CV-20-00316-PHX-SPL<br><br>**ORDER** |

Plaintiff Sandyjean McAdams seeks judicial review of the denial of her application for disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g).

**I.    BACKGROUND**

Plaintiff has several gastrointestinal and urinary impairments, including ulcerative colitis and urinary incontinence. (AR 12). On April 24, 2014, Plaintiff filed an application for supplemental security income, alleging disability beginning June 15, 2012. (AR 12).[1] On April 18, 2017, the Administrative Law Judge ("ALJ") issued a partially favorable decision. (AR 219-33). Plaintiff appealed the decision to the Appeals Council, which remanded Plaintiff's claims back to the ALJ for further proceedings. (AR 242-45). After a remand hearing, on January 10, 2019 the ALJ issued an unfavorable decision, and the Appeals Council denied her second request for review. (AR 1-3).

Having exhausted the administrative review process, Plaintiff sought judicial review of the ALJ's decision by filing a Complaint in this Court. (Doc. 1). This Court is also in

---

[1] Administrative Record.

receipt of Defendant's Answer (Doc. 17), Plaintiff's Opening Brief (Doc. 22), Defendant's Response Brief (Doc. 28), Defendant's Amended Response Brief (Doc. 33), and Plaintiff's Reply Brief (Doc. 34).

## II. LEGAL STANDARD

A person is considered "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration's decision to deny benefits should be upheld unless it is based on legal error or is not supported by substantial evidence. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The Court must review the record as a whole and consider both the evidence that supports and the evidence that detracts from the ALJ's determination. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## III. DISCUSSION

Plaintiff objects to the ALJ's decision for three reasons: (a) the ALJ erred by rejecting medical opinions, (b) the ALJ erred by rejecting Plaintiff's symptom testimony, and (c) the ALJ erred when determining Plaintiff's residual functional capacity.

### a. Medical Opinions

Plaintiff argues (i) the Appeals Council disregarded substantial evidence regarding her second request for review, (ii) the ALJ did not give proper weight to the opinions of Plaintiff's treating physicians, and (iii) the ALJ misinterpreted and incorrectly evaluated medical evidence regarding Plaintiff's symptoms and treatment without assistance of a medical expert. (Doc. 22 at 14-15).

///

### i. Appeals Council

After the Appeals Council denied review of the ALJ's decision, Plaintiff submitted additional evidence regarding the progress notes of her treating physician, Dr. Shaughnessy. (AR 33-37). The original notes relied upon by the ALJ stated that certain treatments had been "effective," but the addendum revealed that Dr. Shaughnessy intended to write "*not* effective." (AR 36). The Appeals Council concluded "this evidence does not show a reasonable probability that it would change the outcome of the decision." (AR 2).

This Court can only review evidence that has been incorporated into the administrative record. Evidence the Appeals Council "considered" becomes part of the record as "evidence upon which the findings and decision complained of are based." *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012). In contrast, where "the Appeals Council only *looked at* the evidence . . . the new evidence did not become part of the record." *Amor v. Berryhill*, 743 F. App'x 145, 146 (9th Cir. 2018) (emphasis added). Where the Appeals Council only looks at the evidence and it does not become part of the administrative record, this Court "may not consider it," unless Plaintiff demonstrates that the evidence *should have* been considered. *Amor*, 743 F. App'x at 146; *see also Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).

In *Garcia v. Saul*, the Appeals Council's notice used the same language that the Appeals Council used in this case regarding additional evidence. *Garcia v. Saul*, Case No.: 1:19-cv-1103-JLT, 2021 WL 223205, at *3 (E.D. Cal. Jan. 22, 2021). The court found that the evidence was merely "looked at," and not formally "considered," so it was not incorporated into the record. This Court reaches the same conclusion. *See also Matias v. Saul*, No. CV 19-00575 LEK-KJM, 2021 WL 531238, at *5 (D. Haw. Feb. 12, 2021) (reaching the same conclusion based on the same language).

However, it was error for the Council to not consider the addendum to Dr. Shaughnessy's opinion. The Appeals Council did not consider the addendum because it found that it did "not show a reasonable probability that it would change the outcome of the decision." (AR 2). However, the *only* reason the ALJ gave for discounting Dr.

- 3 -

Shaughnessy's opinion was that it was not supported by his own treatment notes. If the ALJ had known that, in fact, those treatment notes indicated that treatment was *not* successful, the ALJ may have afforded Dr. Shaughnessy's opinion greater weight. Further, these treatment notes are from within the relevant time period. *Delores A. v. Berryhill*, Case No. ED CV 17-254-SP, 2019 WL 1330314, at *9 (C.D. Cal. Mar. 25, 2019) (explaining that "a reasonable probability" exists where the newly submitted evidence is "probative of the claimant's condition as it existed *at the relevant time*") (emphasis added) (citing *Sanchez v. Sec'y*, 812 F.2d 509, 511 (9th Cir. 1987)). Given that Dr. Shaughnessy is a treating physician, there is a reasonable probability that the addendum would have changed the outcome of the ALJ's decision. It was error for the Appeals Council not to consider this new evidence. When the Appeals Council fails to "consider" additional evidence that reasonably would have changed the outcome of the decision, a remand for further administrative proceedings is appropriate. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011). The decision will be remanded.

### ii. Treating physicians

Plaintiff argues the ALJ erred by rejecting the opinions of two treating physicians, Dr. Shaughnessy and Dr. Castellanos. (Doc. 22 at 17-18). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (internal citation omitted).

The ALJ gave Dr. Shaughnessy's opinion little weight because it was not supported by his own treatment notes. (AR 19). However, as noted above, Dr. Shaughnessy later issued an addendum indicating a typographical error in his notes which would likely change the ALJ's analysis. Upon remand, the ALJ shall reconsider Dr. Shaughnessy's opinion in light of the addendum.

Dr. Castellanos provided two medical source statements on behalf of Plaintiff, which the ALJ afforded little weight because they "were issued several years after [Plaintiff]'s insured status expired, and there is no evidence that Mr. Castellanos ever

examined the claimant during the period at issue." (AR 19). However, "reports containing observations made after the period for disability are relevant to assess the claimant's disability" and that such reports "should not be disregarded solely on [the] basis" that they were "rendered retrospectively." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988); *see also Barker v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08136-PCT-DWL, 2019 WL 3718975, at *6 (D. Ariz. Aug. 7, 2019) ("[U]nder *Smith*, it is impermissible to reject such opinions based solely on timing."). Accordingly, the ALJ erred by rejecting Dr. Castellanos' opinion without providing specific and legitimate reasons that are supported by substantial evidence. Further, that error was not harmless because Dr. Castellanos' opinion indicates that Plaintiff would not be "capable of performing a full-time job, that is 8 hours per day, five days per week, on a regular and continuing basis," and the vocational expert testified that an individual being limited to working less than eight hours a day "would eliminate all employment possibilities." (AR 132, 1292). Upon remand, the ALJ shall reconsider Dr. Castellanos' opinion.

   *iii.   Other medical evidence*

Plaintiff alleges the ALJ "cherry-picked" facts from the record and "negligently interpreted complex medical data without assistance of or deference to appropriate medical experts." (Doc. 22 at 19).

The ALJ did not cherry-pick facts when rendering his decision. ALJs "must review the whole record; they cannot cherry-pick evidence to support their findings." *Bostwick v. Colvin*, No. 13-cv-1936-LAB, 2015 WL 12532350, at *2 (S.D. Cal. Mar. 30, 2015). But the ALJ here did not only consider evidence that supported his ultimate decision. For example, he considered that Plaintiff visited the emergency room twice for abdominal pain and constipation; that she had to take medicine every day to help her go to the bathroom; and that Plaintiff's boyfriend affirmed that Plaintiff "had been experiencing significant pain and complications related to bowel movements for several years." (AR 17-20). Though the ALJ ultimately found that other objective evidence outweighed this evidence, he did consider this evidence along with other less favorable evidence.

Furthermore, it is true that an ALJ cannot "reject the informed medical opinion of [Plaintiff's] primary treating physician and instead improperly substitute[] her judgment for that of the doctor." *Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (cited by Plaintiff). But that is not what the ALJ did here. Although Plaintiff objects to the ALJ interpreting the "manometry test" in the record (Doc. 22 at 19), nothing in the ALJ's opinion suggests that he attempted to interpret the test himself. Instead, he rejected Dr. Shaughnessy's interpretation of the test in favor of the interpretation of the physician who actually administered the test, who noted that Plaintiff's "pudendal nerves showed good functioning with only some mild prolongation in the left pudendal nerve action potential, while her sphincter pressures were within normal limits." (AR 17). This was not an improper attempt by the ALJ to usurp the role of the doctor and interpret medical evidence.

### b. Symptom Testimony

The ALJ may "reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation and internal quotation marks omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation and internal quotation marks omitted).

Plaintiff testified that she was unable to work "due to severe abdominal pain that radiated into her pelvic area, along with chronic constipation" and her symptoms "which required the claimant to use the restroom frequently." (AR 17). The ALJ found that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 17). Specifically, the ALJ found that Plaintiff's subjective testimony was "inconsistent because during the period at issue, the claimant's symptoms were largely controlled by medication and other treatments." (AR 17).

The ALJ provided sufficient clear and convincing reasons for rejecting Plaintiff's testimony about the severity of her symptoms. For example, the ALJ noted that, although

it was ultimately removed because it exacerbated her constipation, Plaintiff had an "InterStim" device that successfully worked to control her urinary frequency during the time period at issue. (AR 17). Further, the ALJ noted that Plaintiff's records show she took medicine daily to help her go to the bathroom, and that she ultimately "did succeed in moving her bowels, albeit infrequently, as the claimant did not require treatment for an impacted bowel." (AR 18). Further, Although Plaintiff visited the emergency room twice with complaints of abdominal pain and constipation, treatment providers observed only mild abdominal tenderness but a normal nondistended abdomen and normal bowel sounds. (AR 18). The ALJ's summary of contradicting evidence in the record is sufficient to find Plaintiff's subjective testimony incredible. *See, e.g.*, *Belcher v. Berryhill*, 707 F. App'x 439 (9th Cir. 2017). The ALJ therefore provided specific and legitimate reasons to support her credibility determination.

### c. Residual Functional Capacity

Residual functional capacity is defined as that which an individual can still do despite his or her limitations. 20 C.F.R. § 404.1545. In determining a claimant's residual functional capacity, the ALJ "must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and 'the effects of all symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. SSA*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ found that Plaintiff "had the residual functional capacity to perform sedentary work." (AR 16). The ALJ found that Plaintiff's "constipation and pain limit her functioning, and accordingly, the residual functional capacity limits her to the sedentary level of exerting to avoid aggravating her stomach pain and constipation." (AR 18). Plaintiff objects to the ALJ's residual functional capacity determination because it "relies largely on assessments from non-treating and non-examining physicians and ignores substantial evidence from claimant's treating and examining physicians." (Doc. 22 at 23).

The ALJ gave the state agency medical consultants' opinions substantial weight when determining Plaintiff's residual functional capacity because they were "consistent

with the medical record, which showed the claimant exhibiting only occasional abdominal pain, and generally minimal findings on clinical examinations and imaging studies." (AR 18-19). However, as explained above, the ALJ provided insufficient reasons for affording Dr. Castellanos's opinion little weight, and was operating with incomplete information when rejecting Dr. Shaughnessy's opinion. Because the ALJ must reconsider these treating physicians' opinions on remand, he must also reconsider Plaintiff's residual functional capacity in light of the medical evidence as a whole.

### IV.   CONCLUSION

It is in this Court's discretion to reverse and remand for an award of benefits or further proceedings. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Because the Appeals Council erred in failing to consider Dr. Shaughnessy's addendum, and because the ALJ provided insufficient reasons for discounting Dr. Castellanos' opinion, the Court finds legal error such that an enhancement of the record would be useful.

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and **remanded** to the Commissioner of the Social Security Administration for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 30th day of July, 2021.

Honorable Steven P. Logan
United States District Judge