**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandyjean McAdams,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-20-00316-PHX-SPL<br><br>**ORDER** |

On August 2, 2021, this Court vacated the final decision of the Commissioner of the Social Security Administration and remanded for further proceedings. (Doc 35). On August 16, 2021, Plaintiff filed a Motion for Reconsideration requesting the Court order Defendant to assign Plaintiff's case to a new administrative law judge on remand. (Doc. 37). On August 18, 2021, the Court denied Plaintiff's Motion for Reconsideration, finding that Plaintiff had provided no argument to support the request and that it was therefore waived. (Doc. 38). On October 1, 2021, Plaintiff filed a Motion for Award of Attorney's Fees and Costs (Doc. 39), which is now before the Court. Plaintiff ultimately requests $16,373.37 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA").[1] (Doc. 43 at 11).

    **I.**    **Untimeliness of Defendant's Opposition to the Motion**

As an initial matter, Plaintiff argues that the Court should strike Defendant's Response (Doc. 42) as untimely. Plaintiff cites to Federal Rule of Civil Procedure ("Rule")

---

[1] Plaintiff initially requested $14,663.45 in attorneys' fees and $30.03 in costs. (Doc. 39 at 3). In her Reply, however, Plaintiff withdrew her request for costs and requested an additional $1,709.92 in attorneys' fees for the drafting of the Reply. (Doc. 43 at 11).

60(b), but that rule specifies the grounds for relief from a final judgment, order, or proceeding. No order on attorneys' fees was entered here, and Rule 60(b) does not apply to briefing deadlines as such. Rather, the Court's authority to strike improper filings derives comes from the Court's inherent—and discretionary—powers.[2] *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 403–04 (9th Cir. 2010) (finding the district court had discretion to strike a document based on its power "to determine what appears in the court's records").

To be sure, Defendant failed to respond to the Motion within the fourteen-day period prescribed by LRCiv 7.2(c). However, LRCiv 83.6 allows the Court to suspend a Local Rule "for good cause shown." While the Court certainly does not intend to make it a common practice to accept late-filed documents and expects parties to request extensions prior to deadlines when needed,[3] Defendant has presented a good-faith reason for the untimeliness of the Response as counsel states that she "inadvertently misdocketed the response date." (Doc. 42 at 1 n.1). Moreover, Plaintiff has not been prejudiced by Defendant's late Response to this post-Judgment Motion; that is, there is no prejudicial delay to the resolution of the case when Judgment has already been entered (Doc. 36); *see Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir. 2010) (finding district court should have granted an extension where "the record is devoid of any indication either that . . . counsel acted in bad faith or that an extension of time would prejudice defendants"). Accordingly, the Court finds good cause and will exercise its discretion against striking Defendant's Response.

///

///

---

[2] Plaintiff also makes an argument based on the Court's April 2, 2021 Order granting Defendant an extension of time to file its Answering Brief, which stated, "No further extensions shall be afforded." That admonishment applied only to the time for filing an Answering Brief.

[3] The Court is well aware of the backlog of Social Security cases, including this one, that the Office of the Regional Chief Counsel, Region IX is currently defending, largely as a result of the COVID-19 pandemic. (*See* Docs. 11, 40). The Court expects that Defendant will resolve these issues in due course.

## II. Entitlement to Fees Under the EAJA

The EAJA mandates recovery of attorneys' fees for a prevailing party in an action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of establishing substantial justification. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). While Defendant's Response provides a correct recitation of the legal standard for substantial justification, it provides no substantive argument establishing that its position in this case was substantially justified. (Doc. 42 at 4–5). Accordingly, Defendant has not met its burden and Plaintiff is entitled to her reasonable attorneys' fees under the EAJA.

## III. Reasonableness of the Requested Fees

The EAJA mandates that courts award fees and costs to the prevailing party other than the United States. 28 U.S.C. § 2412(d)(1)(A). The fees must be reasonable and "shall not be awarded in excess of $125 per hour unless the court determines an increase in the cost of living …. justifies a higher fee."[4] 28 U.S.C. § 2412(d)(2)(A).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). This calculation is known as the "lodestar method" and it provides an objective basis on which to make an initial estimate of the value of an attorney's services. *Id.* The party requesting the fees must submit evidence supporting the reasonableness of the hours worked. *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* Defendant argues that the number of hours billed by Plaintiff's counsel is unreasonably excessive. Defendant's objections to the billing can be sorted into two arguments: (1) Plaintiff

---

[4] Plaintiff's Reply includes an argument that the reductions for which Defendant argues are unreasonable because "the Ninth Circuit has already set the maximum hourly rate in [EAJA] cases far below [Plaintiff's counsel's] hour rate." (Doc. 43 at 6). Regardless of counsel's dissatisfaction with the statutory rate, Plaintiff is, of course, entitled only to fees for the number of hours reasonably expended on the litigation. *See Hensley*, 461 U.S. at 433. The Court trusts that Plaintiff was not suggesting that the Court should inflate the number of hours so that counsel can recoup the difference between the statutory rate and his normal hourly rate.

improperly requests fees billed for administrative tasks, and (2) the time spent on specific filings is unreasonable. The Court addresses these arguments in turn.

### A. Administrative Tasks

"Even if performed by an attorney, the EAJA does not allow recovery of fees for clerical or secretarial tasks. Such tasks include preparing, review, proofreading, downloading, or filing documents." *Sartiaguda v. Comm'r of Soc. Sec.*, No. 2:17-CV-2280-DMC, 2021 WL 3912121, at *4 (E.D. Cal. Sept. 1, 2021); *see also Neil v. Comm'r of Soc. Sec.*, 495 Fed. Appx. 845, 847 (9th Cir. 2012). The Court will therefore deduct hours spent on such tasks from Plaintiff's attorneys' fee award.

The Court finds several billing entries that consist entirely of clerical tasks: 1.4 hours on October 13, 2020 were spent attempting to obtain a copy of the administrative record, 0.4 hours on May 12, 2021 were spent filing Plaintiff's Reply Brief using ECF, and 0.4 hours on October 1, 2021 were spent filing the instant Motion using ECF. (Doc. 39-3).

Unfortunately, due to Plaintiff's counsel's practice of grouping several tasks into a single billing entry, the Court cannot determine precisely how much time was spent other clerical tasks contained within such entries. The Court will therefore determine a reasonable time to be spent on the tasks and deduct accordingly. *See Brandt v. Astrue*, Civil No. 08-0658-TC, 2009 WL 1727472, at *3–4 (D. Or. June 16, 2009). The Court will deduct 0.4 hours from each of the five additional entries that include the preparation and filing of documents using ECF.[5] The Court will deduct .5 hours for proofreading the 26-page Opening Brief on December 14, 2020, as well as .3 hours for proofreading the 12-page Reply Brief on May 12, 2021. Finally, the Court will deduct .2 hours for retrieving and saving documents from ECF on August 18, 2021. (Doc. 39-3).

### B. Specific Filings

While the Ninth Circuit has held that "twenty to forty hours is the range most often requested and granted in social security cases," it has rejected the imposition of any sort of cap on the number of hours that is reasonable, as that determination must be made based

---

[5] Specifically, the first entry on October 13, 2020 and the entries on October 14, 2020; December 14, 2020; April 23, 2021; and August 16, 2021. (Doc. 39-3).

- 4 -

on case-specific factors. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136–37 (9th Cir. 2012). "[A] district court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion," but a court must otherwise provide specific explanation for finding the hours billed excessive. *Id.* at 1136. Defendant argues that Plaintiff's counsel spent an unreasonably excessive amount of time working on nearly every document he filed in this case. (Doc. 42 at 7–9).

First, after the reduction for the administrative task, Plaintiff's counsel billed 4.7 hours on October 14, 2020 for document review, research, and drafting in connection with the Stipulated Motion for Extension to File Opening Brief (Doc. 20). The Court cannot fathom how an experienced attorney took more than 4 hours to prepare a basic procedural motion, citing no case law and requiring no substantive argument or analysis. The Stipulated Motion was 2.5 pages consisting primarily of a narrative of counsel's own involvement with the case to that point. The Court finds the hours billed to be excessive and that 1 hour is a reasonable amount of time for these tasks. *See Hubble v. Astrue*, No. CV 05-1383-PHX-MHM, 2008 WL 5082144, at *3 (D. Ariz. Nov. 26, 2008) (finding 1.9 hours spent securing two motions for extension of time to be reasonable).

Second, after the clerical reduction, Plaintiff's counsel billed 30 hours from December 11–14, 2020 on the Opening Brief (Doc. 22), including reviewing the record, taking notes, researching, and drafting. (Doc. 39-3). Defendant notes that this is more time than attorneys spend on an entire Social Security case in most instances. (Doc. 42 at 7). Plaintiff counters that this was not a routine case because it involved two ALJ hearings, two Appeals Council decisions, and a 1,581 page administrative record. (Doc. 43 at 5). The Court agrees with Plaintiff to an extent. This case was more complicated than the average case, and some of the issues raised by Plaintiff are relatively uncommon. Still, given Plaintiff's counsel's experience and the fact that only about half the 26-page brief consisted of legal argument, the Court cannot conclude that 30 hours was reasonable. Moreover, because the descriptions for the four entries in which counsel was working on the Opening Brief are essentially identical and do not differentiate between time spent reviewing the

record, outlining arguments, researching, and drafting, it is difficult for the Court to properly evaluate whether the hours were reasonably expended. *See Neil*, 495 Fed. Appx. at 847. The Court will therefore reduce the hours spent on the Opening Brief by ten percent.

Next, after clerical reductions, Plaintiff's counsel spent 18.9 hours from May 7–12, 2021 on the Reply Brief (Doc. 34), including reviewing Defendant's Response Brief, taking notes, researching, drafting, and communicating with Plaintiff. (Doc. 39-3). Defendant argues that those hours are excessive because the Reply was 12 pages and reiterates arguments made in the Opening Brief. (Doc. 42 at 8). Plaintiff asserts that the time is reasonable because "briefing took longer due to the size of the [administrative record]." (Doc. 43 at 10). The Court is completely unpersuaded by Plaintiff's argument. Having already reviewed the record in full prior to drafting the Opening Brief, apparently with thorough note-taking, there is no reason why Plaintiff's counsel would need to do so again for the Reply Brief—and indeed, the time log makes no mention of reviewing the record. Thus, it is unclear what relevance the size of the administrative record has in evaluating the reasonableness of the time spent on the Reply Brief. When comparing the time for the Reply Brief to the Opening Brief, Plaintiff's counsel took almost two-thirds of the time to draft a brief that was less than half as long and to some extent repetitious of the first. This is wholly unreasonable, and Plaintiff makes no convincing argument otherwise. Still, the Court finds to be reasonable the 0.8 hours spent on May 7, 2021 in a telephone conference with Plaintiff as well as the 1.6 hours, after the clerical reduction, spent on May 12, 2021 reviewing an email from Plaintiff and making revisions, and will therefore not make any additional deductions to those entries. However, the Court will reduce the remaining three entries for the Reply Brief by forty percent to reflect a reasonable amount of time.[6]

Fourth, Plaintiff's counsel billed 4.1 hours on August 16, 2021 for researching and drafting the Motion for Reconsideration (Doc. 37). Defendant argues that these fees should be denied because the Motion was futile. (Doc. 42 at 8). Plaintiff argues that the Motion

---

[6] Specifically, the first entry on May 7, 2021; the entry on May 11, 2021; and the first entry on May 12, 2021. (Doc 39-3).

1  was not frivolous because "Plaintiff did not have enough space to fully brief her arguments
2  on the subject in her Opening Brief," and the Court did not mention the request to assign
3  the case to a different ALJ in its Order remanding the case. (Doc. 43 at 10). Under the
4  EAJA, "fees and expenses may not be awarded to a party for any portion of the litigation
5  in which the party has unreasonably protracted the proceedings." 28 U.S.C. §
6  2412(d)(2)(D). A plaintiff unnecessarily prolongs proceedings when her belief in her right
7  to the relief she is pursuing is unreasonable. *See Gutierrez v. Colvin*, No. CV-13-02168-
8  PHX-DGC, 2015 WL 254642, at *1 (D. Ariz. Jan. 20, 2015). Here, Plaintiff's request for
9  relief in her Motion for Reconsideration was unreasonable. As explained in the Court's
10 August 18, 2021 Order, "[n]owhere in the record before the Court did Plaintiff provide[ ]
11 any argument or analysis as to why the denial of her reassignment request was in error or
12 why this Court should reassign the case on remand." (Doc. 28 at 2). The law is clear that
13 "motions for reconsideration . . . are not the place for parties to make new arguments not
14 raised in their original briefs." (Doc. 28 at 2 (citing *Northwest Acceptance Corp. v.
15 Lynnwood Equip., Inc.*, 841 F.2d 9128, 925–26 (9th Cir. 1988))). The fact that Plaintiff
16 chose to expend the 26 pages in her Opening Brief on other arguments does not make it
17 reasonable for her to seek additional post-Judgment relief for which she initially offered
18 no argument or explanation. The Court will not award fees for the 4.1 hours spent on the
19 Motion for Reconsideration.

20 Penultimately, Plaintiff's counsel billed 3.7 hours from September 14–October 1,
21 2021 for drafting the instant Motion for Attorneys' Fees and the supporting documents.
22 (Doc. 39-3). Defendant argues that a reasonable amount for the Motion would be one hour.
23 (Doc. 42 at 9). The Court agrees. Although the procedural history, names, and dates were
24 changed, Plaintiff's Motion, Brief in support of the Motion, and attached affidavit of
25 counsel are otherwise identical to those filed by Plaintiff's counsel in a previous case before
26 this Court. *Compare* (Doc. 39) *with* Motion for Award of Attorney's Fees and Costs,
27 *Seliverstova v. Comm'r of Soc. Sec. Admin.*, No. CV-17-00919-PHX-SPL (D. Ariz. July
28

16, 2018), ECF No. 25.[7] And the procedural history section of the instant Motion is taken almost entirely verbatim from Plaintiff's Opening Brief in this case. *Compare* (Doc. 39 at 1-3) *with* (Doc. 22 at 2–4). Thus, the only work Plaintiff's counsel had to do to prepare the Motion was change some names and dates; add a couple of sentences to the procedural history; prepare the itemized task sheet, which should largely have been done contemporaneously; and compile documents, which is a clerical task. The Court finds that one hour is a reasonable amount of time for these tasks and reduces Plaintiff's award accordingly.

Lastly, Plaintiff requests fees for 8 hours spent drafting the Reply to the Motion for Attorneys' Fees. (Doc. 43 at 11). The Court finds 8 hours to be excessive for an 11-page brief that for broad swaths is devoid of citations to any legal authority. The Court will reduce the time for the Reply brief by ten percent.

In sum, then, the Court finds that Plaintiff's counsel reasonably billed 29.5 hours in 2020 at a rate of $207.78, and 22.9 hours in 2021 at a rate of $213.74. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees and Costs (Doc. 39) is **granted as modified**. Plaintiff shall be awarded **$11,024.16** in reasonable attorneys' fees pursuant to the EAJA. Plaintiff shall not be awarded costs, having withdrawn the request.

**IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner of Social Security Administration determines upon effectuation of the Court's Order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check

---

[7] Plaintiff asks the Court to take judicial notice of its award of $11,190.72 in EAJA fees in *Seliverstova*. The Court, however, must evaluate whether the hours spent are reasonable based on case-specific factors. *See Costa*, 690 F.3d at 1136–37. Besides, based on the positions of the parties in *Seliverstova*, the Court did not analyze the reasonableness of the hours billed by Plaintiff's counsel in that case, so it is unpersuasive here. Order, *Seliverstova*, No. CV-17-00919-PHX-SPL (D. Ariz. Feb. 20, 2019), ECF No. 29.

1 | made out to Plaintiff but delivered to Plaintiff's attorney.

     Dated this 4th day of February, 2022.

                                                        Honorable Steven P. Logan
                                                        United States District Judge